UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00968-CBM-MBK | Date | June 27, 2025 |
| Title | Victor E. Silvers v. United States of America | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge | |
|---|---|---|
| | James Muñoz | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE RE: CONSOLIDATION OF CASES

This is a civil rights action. On April 18, 2025, Plaintiff Victor E. Silvers, a federal prisoner at Victorville United States Prison appearing *pro se*, filed a complaint against the United States of America for alleged violations of the Federal Tort Claims Act and the Eighth Amendment. Dkt. 1. Plaintiff seeks compensatory damages in the amount of "no less than" $15,350,000. *Id.* at 25. Plaintiff recently filed a motion to amend the complaint to add a claim under Section 504 of the Rehabilitation Act. Dkt. 7.

Plaintiff's claims in this case appear to arise out of the same operative facts as a separate case that Plaintiff filed in this Court on August 14, 2024. *See Silver v. B. Lammer, et al*, Case No. 5:24-cv-01710-CBM-MBK. In his earlier complaint, Plaintiff alleges defendants acted with deliberate indifference in failing to provide medical treatment to assess and treat his eye condition under the Eighth Amendment and *Bivens v. Six Unknown Agents,* 403 U.S. 388 (1971). Plaintiff brings those claims against several wardens and medical staff at the Victorville prison. In the complaint filed in this case, Plaintiff also seeks compensation for the denial of medical care for his eye condition based on the same set of alleged facts (though he includes more recent developments). *See generally* Dkt. 1.

Because these two actions arise out of common questions of fact and law, they appear to be appropriate for consolidation under Federal Rule of Civil Procedure 42. That rule grants the district court "broad discretion… to consolidate cases" that involve "common questions of law and fact." *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). Here, it appears consolidation of these two actions would avoid unnecessary cost and delay to the parties and the Court, as well as avoid the risk of inconsistent judgments on identical issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00986-CMB-MBK | Date | June 27, 2025 |
| Title | Victor E. Silvers v. United States of America | | |

**Plaintiff is therefore ordered to show cause on or before July 28, 2025 why this action (Case No. 5:25-cv-00986-CMB-MBK) should not be consolidated with Case No. 5:24-cv-01710-CBM-MBK.** If Plaintiff believes consolidation is not appropriate, he should file a response explaining why the cases do not arise out of the same operative facts or other grounds why the cases should be maintained as separate actions.

If, however, Plaintiff agrees that the claims in the two cases should be consolidated into one action, he has two options. First, the Plaintiff can voluntarily dismiss this action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1) and adding the claims in this lawsuit to an amended complaint in the first lawsuit. There is a simple process for Plaintiff to do so. Plaintiff recently filed a motion to amend his complaint in the first lawsuit and, by separate order in that case, the Court is granting Plaintiff leave to amend the complaint. When Plaintiff files an amended complaint in the first lawsuit, he can add the claims and defendants from this lawsuit (including his claims under the Federal Tort Claims Act, Rehabilitation Act, and Eighth Amendment), in addition to the other proposed amendments.

Alternatively, if Plaintiff prefers that the two cases be formally consolidated, he can file a response to the order to show cause stating that he agrees to consolidation. However, Plaintiff is advised that formal consolidation is likely to lead to greater delays than the first option described above. To consolidate these cases, the undersigned magistrate judge will have to recommend consolidation to the assigned district court, who will then independently evaluate whether to order consolidation. If the district court orders consolidation, the Court will then need to take steps to administratively consolidate the two cases. Together, the process of consolidation may take weeks or months.

If Plaintiff elects the first option described above, the Court has attached a form Notice of Dismissal for Plaintiff's convenience. Regardless of how Plaintiff chooses to process, **Plaintiff is advised that failure to timely respond to this Order to Show Cause (either by filing a response or voluntarily dismissing the lawsuit) will result in the Court recommending that the Action be consolidated.**

* * *

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-00986-CMB-MBK | Date | June 27, 2025 |
| Title | Victor E. Silvers v. United States of America | | |

**requirements may be returned to Plaintiff without filing and will not be considered by the Court.**

     1.    All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

     2.    Each document must include the title and case number (including judges' initials). Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

     3.    Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

     4.    After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

     5.    At the top of the first page of any document sent to the Court, Plaintiff must give his name and mailing address, including prisoner number, other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

     *Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.*
     A party proceeding pro se must keep the Court and all other parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-00986-CMB-MBK | Date | June 27, 2025 |
|---|---|---|---|
| Title | Victor E. Silvers v. United States of America | | |

informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

IT IS SO ORDERED.